**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: RESTRAINT OF ALL ASSETS HELD IN ACCOUNT NO. 123-07C98 AT MERRILL LYNCH, PIERCE, FENNER & SMITH, NEW YORK, IN THE NAME OF IDLEWILD BEHEER B.V.; AND, <br><br> ALL ACCOUNTS HELD IN THE NAME OF NICO VIJSMA AT MERRILL LYNCH, PIERCE, FENNER & SMITH, NEW YORK; AND, <br><br> ALL ACCOUNTS HELD IN THE NAME OF IDLEWILD CONSULTANTS B.V. AT MERRILL LYNCH, PIERCE, FENNER & SMITH, NEW YORK | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Misc. No.: |

<u>EX-PARTE APPLICATION OF THE UNITED STATES FOR A RESTRAINING
ORDER PURSUANT TO 28 U.S.C. § 2467(d)(3)(B)(ii) AND STATEMENT OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF</u>

The United States of America, by and through its undersigned attorneys, respectfully

requests that this Court issue a Restraining Order pursuant to 28 U.S.C. § 2467(d)(3)(A),

(d)(3)(B)(ii) and 18 U.S.C. § 983(j) to enforce a foreign restraining order issued by the Kingdom

of the Netherlands to freeze assets held for the benefit of Nico Vijsma ("Vijsma"), Idlewild

Consultants B.V. ("ICBV"), and Idlewild Beheer B.V. ("IBBV") who are under investigation for

fraud, bribery, racketeering and money laundering in the Netherlands.  The instant Application

seeks the restraint of assets in the United States which have been identified for forfeiture by the

Dutch authorities in anticipation of the receipt of a final judgment of forfeiture from the Dutch

Court, for which enforcement will be sought in the United States pursuant to 28 U.S.C. §

2467(b).

I.    JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2467, and venue is proper with this Court pursuant to 28 U.S.C. § 2467(c)(2)(B) which provides in relevant part that "venue [for 2467 actions] shall lie in the district court for the District of Columbia . . . ."

II.    APPLICATION

To preserve property in the United States that may be the subject of a future foreign forfeiture order, "the Government may apply for, and the court may issue, a restraining order pursuant to section 983(j) of title 18 . . . " of the United States Code.  28 U.S.C. § 2467(d)(3)(A). To facilitate this process, the court may "register and enforce a restraining order that has been issued by a court of competent jurisdiction in the foreign country and certified by the Attorney General pursuant to subsection (b)(2)."  Pursuant to subsection (b)(2), "[t]he Attorney General or the designee of the Attorney General shall determine whether, in the interest of justice, to certify the request . . . ."[1]  28 U.S.C. § 2467(b)(2).

On November 23, 2007, the Prosecution Service Criminal Assets Deprivation Bureau of the Netherlands (the "Public Prosecutor"), acting under authority granted by the examining magistrate judge of the District Court of Haarlem, issued restraining orders against accounts held by Vijsma, ICBV and IBBV at Merrill Lynch, New York (the "Dutch Restraint Orders").  True and correct copies of the Dutch Restraint Orders and their English translations are attached hereto as Exhibit A.  On December 21, 2007, the Dutch Restraint Orders were certified by the Assistant Attorney General for the Criminal Division.  A true and correct copy of the Assistant

---

[1] The Attorney General delegated this certification authority under Section 2467 to the Assistant Attorney General for the Criminal Division pursuant to order number 2820-2006.

Attorney General Certification is attached hereto as Exhibit B.

Since the requirements of 28 U.S.C. § 2467(d)(3)(B)(ii) have been met and the Dutch

Restraint Orders have been properly certified, the United States respectfully requests that this

Court issue a Restraining Order against the assets identified in the Dutch Orders, and that such

Order remain in place until forfeiture proceedings in the Netherlands have been concluded.

III.  <u>STATEMENT OF POINTS AND AUTHORITIES</u>

28 U.S.C. § 2467(d)(3)(A) grants this Court authority to "register and enforce a

restraining order that has been issued by a court of competent jurisdiction in [a] foreign country

and certified by the Attorney General pursuant to subsection (b)(2)," in order to preserve its

availability for forfeiture.  28 U.S.C. § 2467(d)(3)(B)(ii).  Pursuant to subsection (b)(2), it is for

"[t]he Attorney General or the designee of the Attorney General" to determine "whether, in the

interest of justice, to certify the request . . . ."  28 U.S.C. § 2467(b)(2).

As demonstrated below, the United States has met this standard, and, therefore this Court

should issue the requested restraint order against the assets of Vijsma, ICBV, and IBBV pursuant

to 28 U.S.C. § 2467(d)(3)(B)(ii).

A.  <u>FACTUAL BACKGROUND</u>

The Dutch mutual legal assistance request arises from a criminal investigation[2] into acts

of fraud, bribery, racketeering and money laundering committed by Vijsma, ICBV and IBBV, in

violation of Sections 140, 225, 328 and 420, of the Dutch Penal Code.

Between January 1998 and October 2001, J.F.M. van Vlijmen ("Vlijmen")—a former

director of a Dutch company named Bouwfonds B.V. ("Bouwfonds") and Vijsma's uncle—

_____

2 The factual summary set forth below is derived solely from documentation produced by the Dutch authorities in

allegedly awarded projects to contractors on behalf of Bouwfonds in exchange for personal

bribes.  It is alleged that the proceeds of such bribes were channeled to Vlijmen's private

company, Bloemenoord Groep B.V. ("Bloemenoord").  Vlijmen and his nephew Vijsma used

fraudulent invoices generated from ICBV and IBBV to facilitate the movement of the funds to

Bloemenoord in order to give the proceeds a legitimate appearance.  Vijsma is the sole

shareholder of IBBV and IBBV is the manager and sole shareholder of ICBV.

　　　　Vlijmen left Bouwfonds in October 2001, but is alleged to have continued to develop

building projects for Bouwfonds and a second company, Stichting Philips Pensioenfonds

("Stichting"), through his privately owned companies.  Vlijmen allegedly bribed employees of

Stichting in exchange for confidential internal corporate information.  With this information,

Vlijmen was able to purchase real property from Stichting at prices well below market value, as

well as to sell real property to Stichting at prices well above market value.  Vijsma served as

Vlijmen's representative in these bribes and transactions with Stichting.  Dutch prosecutors have

alleged that more than €14,119,843 in criminal proceeds were transmitted using this scheme.  Of

that amount, Vijsma–acting personally and through IBBV and ICBV–illegally obtained profits of

€3,698,838, €3,763.399 and €1,835,439 for himself, ICBV and IBBV respectively. In total,

Vijsma realized approximately €9,100,000 from his fraudulent conduct.  Dutch authorities

determined that some or all of these funds, representing the proceeds of these criminal acts, are

now held for Vijsma's benefit at account 123-07C98 at Merrill Lynch, in New York, New York

under the name IBBV.  Additional funds may be held at Merrill Lynch in accounts under the

names of Nico Vijsma and ICBV.

---

their mutual legal assistance request, as the United States does not have an independent investigation of its own at

On November 23, 2007, the Public Prosecutor, acting by authority of the examining

magistrate judge of the District Court of Haarlem, issued restraining orders against all accounts

held by Vijsma, ICBV and IBBV at Merrill Lynch.  On November 22, 2007, the authorities of

the Netherlands transmitted a formal legal assistance request through the U.S. Department of

Justice's Office of International Affairs ("OIA") seeking enforcement of the Dutch Restraining

Order in order to preserve funds in the Merrill Lynch accounts for forfeiture in connection with

the prosecution of Vijsma, ICBV and IBBV.  On December 21, 2007, the United States Assistant

Attorney General certified the Dutch request.  Pursuant to the Dutch Request, the United States

seeks a Restraining Order to preserve the following property for forfeiture (hereinafter the

"Property"):

> (a) All assets held in Account No. 123-07C98 at Merrill
> Lynch, New York, in the name of Idlewild Beheer B.V.;
> (b) All assets located at Merrill Lynch, New York in the name of Nico
> Vijsma; and
> (c) All assets located at Merrill Lynch, New York in the name of Idlewild
> Consultants B.V.

The Property is the subject of foreign restraining orders authorized by the District Court

of Haarlem on October 1, 2007 (for Vijsma) and November 1, 2007 (for ICBV and IBBV), and

formally issued by the Public Prosecutor on November 23, 2007, in connection with the

investigation and prosecution of Nico Vijsma, ICBV, and IBBV, for conduct in violation of

Sections 140, 225, 326, 328 and 420, of the Dutch Penal Code.  The Dutch authorities have

alleged that the Property is the proceeds of fraud, bribery, and racketeering and will become

subject to the penalty of forfeiture upon conclusion of criminal proceedings in the Netherlands.

---

this time.

B. <u>ARGUMENT</u>

1.    <u>This Court has Authority to Enforce Foreign Restraining Orders that Have Been Certified for Enforcement by the Assistant Attorney General</u>

To ensure that U.S. based property which may be subject to forfeiture in a foreign forfeiture proceeding is not dissipated or moved, § 2467 allows the District Court to issue a restraining order against assets located in the United States pending the conclusion of the foreign forfeiture proceeding.  For a District Court to issue such a restraining order, four elements must be met: (1) the United States and the foreign nation in which the order was issued are parties to a formal international agreement providing for mutual forfeiture assistance; (2) the restraining order has been issued by a court of competent jurisdiction in the foreign nation; (3) the violation of foreign law giving rise to forfeiture would constitute a violation or offense that would give rise to forfeiture if committed in the United States; and (4) the Attorney General determines, in the interest of justice, to certify the order for enforcement.  28 U.S.C. § 2467(a)(1)-(2), and 2467(d)(3).  Of note, the Assistant Attorney General's determination is a nonreviewable criterion of this analysis.  § 2467(b)(2).

2.    <u>The Requirements For Recognizing a Foreign Restraining Order Have Been Met</u>

All four elements for recognition and enforcement of the Dutch Restraining Orders have been met in the instant case.  Therefore, this Court should enforce the Orders.

First, the Government of the Netherlands submitted its request pursuant to the Treaty on Mutual Legal Assistance with the Kingdom of the Netherlands (the "MLAT"), which was ratified by the Netherlands on July 12, 1983, and by the United States on January 4, 1982.  Under Article 6 of the MLAT, the United States has an obligation to assist in the preservation of assets subject to forfeiture.  Because the Netherlands is a U.S. treaty partner, the first criterion

6

for enforcement is met.

Second, pursuant to Section 36e of the Dutch Penal Code, a Public Prosecutor is authorized to order the restraint of property that will be subject to forfeiture, provided that a magistrate has first authorized the prosecutor to initiate a criminal financial investigation. While this process differs from U.S. procedure, the prosecutor issues the restraining order under the authority of the magistrate of a court of competent jurisdiction, in this case the Magistrate of the District Court of Haarlem. Accordingly, the second criterion for enforcement is met.

Third, the violation of foreign law giving rise to forfeiture would constitute a violation or offense that would give rise to forfeiture if committed in the United States. The request explains that the conduct under investigation constitutes fraud, bribery, racketeering and money laundering offenses under Sections 140, 225, 328 and 420, of the Dutch Penal Code. Dutch authorities have confirmed that such offenses give rise to forfeiture in the Netherlands. Additionally, the request describes conduct that, had it occurred in the United States, would constitute violations of 18 U.S.C. §§ 1956 (money laundering), 2314 (interstate transportation of property stolen or taken by fraud) and 1952 (interstate and foreign travel or transportation in aid of racketeering enterprises). Proceeds of such U.S. offenses are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as the proceeds of "specified unlawful activity". *See* 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(A). Accordingly, the third criterion is met since the offenses give rise to forfeiture in both countries.

Fourth, the Dutch Restraining Order was certified by the Assistant Attorney General on December 21, 2007. The Assistant Attorney General determined that enforcement of the attached Restraining Orders is in the interest of justice.

7

Thus, ample justification exists for enforcement of the attached Restraining Orders in the United States.

IV.  <u>CONCLUSION</u>

Therefore, the United States respectfully requests that this Court enforce the  Dutch Restraining Orders, consistent with U.S. treaty obligations under the MLAT between the Governments of the United States and the Netherlands, by entering the attached restraining order against the captioned assets pursuant to this Court's authority under 28 U.S.C. § 2467(d)(3)(B)(ii).  The United States further asks that it be permitted to serve the Order by facsimile transmission to the affected financial institutions.  The United States will promptly request, through the appropriate legal assistance channels, that those individuals and entities with an apparent interest in the captioned funds be provided with notice of, and a copy of, this Court's Order.

Respectfully submitted,

RICHARD WEBER
CHIEF, ASSET FORFEITURE AND MONEY
   LAUNDERING SECTION


_____
LINDA M. SAMUEL  (DC Bar #388970)
Deputy Chief
FREDERICK REYNOLDS (Texas Bar #24003453)
Trial Attorney
Asset Forfeiture and Money
   Laundering Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
Telephone:  (202) 514-1263

Attorneys for Applicant
UNITED STATES OF AMERICA

**Bureau Ontnemingswetgeving Openbaar Ministerie**
*(Prosecution Service Criminal Assets Deprivation Bureau)*
**Postbus 335**
**1000 AH Amsterdam**
**The Netherlands**
**In this case acting on behalf of the Special Public Prosecutor's Office**

Public Prosecutor's no.: 15/996538-06

> **Restraint Order**
>
> **(Section 94a Code of Criminal Procedure)**

The Public Prosecutor of the Prosecution Service Criminal Assets Deprivation Bureau, in this case acting on behalf of the Special Public Prosecutor's Office, wishes, with application of Section 94a et seq of the Code of Criminal Procedure, to conduct a seizure as referred to in Section 94a of the Code of Criminal Procedure, in order to protect the right of recourse, which seizure is carried out on the basis of the issued authorisation for a financial criminal investigation;

This prejudgment seizure must be carried out in order to protect the right of recourse regarding:

      [X]      an obligation -to be imposed by the court as a result of the criminal offence- to pay an amount of money to the State in order to confiscate the illegally obtained assets of the suspect (seizure of illegally obtained assets);

The seizure serves recovery of an amount of € 3,698,838.-
This amount is equal to the amount that the illegally obtained assets are presently estimated at.

The seizure is carried out in respect of:

      [X] a third party

with regard to:

[X] the following objects:

      - any claims of the suspect against Merrill Lynch Pierce Fenner & Smith Incorporated (New York, USA);

regarding the suspect:

|  |  |
|---|---|
| name | : Vijsma |
| first name | : Nico |
| date of birth | : 26 March 1937 |
| address | : Burgemeester de Monchyplein 299 |
| residence | : 2585 DL The Hague, the Netherlands |

Orders to:

[X]      leave the seized objects with the judgment debtor.

Date:    23 November 2007
The Public Prosecutor,

Mrs H. Vriezen-Buist

**Bureau Ontnemingswetgeving Openbaar Ministerie**
**Postbus 335**
**1000 AH Amsterdam**
**Ten deze handelend namens het Functioneel Parket**

parketnummer: 15/996538-06

> **Bevel tot inbeslagneming**
> **(art 94a Sv)**

De officier van justitie van het Bureau Ontnemingswetgeving Openbaar Ministerie, ten deze handelend namens het Functioneel Parket, wenst, met toepassing van de artikelen 94a e.v. van het Wetboek van Strafvordering, beslag te doen leggen als bedoeld in artikel 94a van het Wetboek van Strafvordering, tot bewaring van het recht tot verhaal, welk beslag wordt gelegd op grond van de afgegeven machtiging strafrechtelijk financieel onderzoek;

Dit conservatoir beslag dient gelegd te worden tot bewaring van het recht van verhaal voor:

[X]    een naar aanleiding van dat misdrijf door de rechter op te leggen verplichting tot betaling van een geldbedrag aan de staat ter ontneming van het door de verdachte wederrechtelijk verkregen voordeel (voordeelsbeslag);

Het beslag dient tot verhaal van  € 3.698.838,--
Dit bedrag is gelijk aan het bedrag waarop het wederrechtelijk verkregen voordeel thans wordt geschat;

Het beslag wordt gelegd onder:

[X] een derde;
op:

[X]  de volgende voorwerpen:

-    Op de eventuele vorderingen van verdachte op de Merrill Lynch Pierce Fenner & Smith
     Incorporated (New York, USA);

ten laste van de verdachte:

| | |
|---|---|
| naam | : Vijsma |
| voornaam | : Nico |
| geboren op | : 26 maart 1937 |
| adres | : Burgemeester de Monchyplein 299 |
| woonplaats | : 2585 DL 's-Gravenhage |

Geeft opdracht de inbeslaggenomen voorwerpen:

[X]    te laten bij de beslagene.

De Officier van Justitie
d.d. 23 november 2007,

mr. H. Vriezen-Buist

**Bureau Ontnemingswetgeving Openbaar Ministerie**
*(Prosecution Service Criminal Assets Deprivation Bureau)*
**Postbus 335**
**1000 AH Amsterdam**
**The Netherlands**
**In this case acting on behalf of the Special Public Prosecutor's Office**

Public Prosecutor's no.: 15/99651 1-07

> **Restraint Order**
>
> **(Section 94a Code of Criminal Procedure)**

The Public Prosecutor of the Prosecution Service Criminal Assets Deprivation Bureau, in this case acting on behalf of the Special Public Prosecutor's Office, wishes, with application of Section 94a et seq of the Code of Criminal Procedure, to conduct a seizure as referred to in Section 94a of the Code of Criminal Procedure, in order to protect the right of recourse, which seizure is carried out on the basis of the issued authorisation for a financial criminal investigation;

This prejudgment seizure must be carried out in order to protect the right of recourse regarding:

> [X]     an obligation -to be imposed by the court as a result of the criminal offence- to pay an
>            amount of money to the State in order to confiscate the illegally obtained assets of the
>            suspect (seizure of illegally obtained assets);

The seizure serves recovery of an amount of € 1,835,439.-
This amount is equal to the amount that the illegally obtained assets are presently estimated at.

The seizure is carried out in respect of:

> [X] a third party

with regard to:

[X] the following objects:

> -   any claims of the suspect against Merrill Lynch Pierce Fenner & Smith Incorporated
>      (New York, USA);

regarding the suspect:

|          |                                       |
|----------|---------------------------------------|
| name     | : Idlewild Beheer B.V.                |
| address  | : Burgemeester de Monchyplein 299     |
| residence| : 2585 DL The Hague, the Netherlands  |

Orders to:

[X]     leave the seized objects with the judgment debtor.

Date:     23 November 2007
The Public Prosecutor,

Mrs H. Vriezen-Buist

Bureau Ontnemingswetgeving Openbaar Ministerie
Postbus 335
1000 AH Amsterdam
Ten deze handelend namens het Functioneel Parket

parketnummer: 15/996511-07

| Bevel tot inbeslagneming |
| (art 94a Sv) |

De officier van justitie van het Bureau Ontnemingswetgeving Openbaar Ministerie, ten deze handelend namens het Functioneel Parket, wenst, met toepassing van de artikelen 94a e.v. van het Wetboek van Strafvordering, beslag te doen leggen als bedoeld in artikel 94a van het Wetboek van Strafvordering, tot bewaring van het recht tot verhaal, welk beslag wordt gelegd op grond van de afgegeven machtiging strafrechtelijk financieel onderzoek;

Dit conservatoir beslag dient gelegd te worden tot bewaring van het recht van verhaal voor:

    [X]    een naar aanleiding van dat misdrijf door de rechter op te leggen verplichting tot betaling van een geldbedrag aan de staat ter ontneming van het door de verdachte wederrechtelijk verkregen voordeel (voordeelsbeslag);

Het beslag dient tot verhaal van € 1.835.439,--
Dit bedrag is gelijk aan het bedrag waarop het wederrechtelijk verkregen voordeel thans wordt geschat;

Het beslag wordt gelegd onder

    [X] een derde

op:

[X]  de volgende voorwerpen:

    -    Op de vorderingen van verdachte op de Merrill Lynch Pierce Fenner & Smith Incorporated (New York, USA), in elk geval op rekeningnummer 123-07C98;

ten laste van de verdachte:

        naam        : Idlewild Beheer B.V.
        adres        : Burgemeester de Monchyplein 299
        woonplaats  : 2585 DL 's-Gravenhage

Geeft opdracht de inbeslaggenomen voorwerpen:

[X]    te laten bij de beslagene.

De Officier van Justitie
d.d. 23 november 2007

mr. H. Vriezen-Burst

**Bureau Ontnemingswetgeving Openbaar Ministerie**
*(Prosecution Service Criminal Assets Deprivation Bureau)*
**Postbus 335**
**1000 AH Amsterdam**
**The Netherlands**
**In this case acting on behalf of the Special Public Prosecutor's Office**

Public Prosecutor's no.: 15/996510-07

> **Restraint Order**
>
> **(Section 94a Code of Criminal Procedure)**

The Public Prosecutor of the Prosecution Service Criminal Assets Deprivation Bureau, in this case acting on behalf of the Special Public Prosecutor's Office, wishes, with application of Section 94a et seq of the Code of Criminal Procedure, to conduct a seizure as referred to in Section 94a of the Code of Criminal Procedure, in order to protect the right of recourse, which seizure is carried out on the basis of the issued authorisation for a financial criminal investigation;

This prejudgment seizure must be carried out in order to protect the right of recourse regarding:

    [X]    an obligation -to be imposed by the court as a result of the criminal offence- to pay an amount of money to the State in order to confiscate the illegally obtained assets of the suspect (seizure of illegally obtained assets);

The seizure serves recovery of an amount of € 3,763,399.-
This amount is equal to the amount that the illegally obtained assets are presently estimated at.

The seizure is carried out in respect of:

    [X] a third party

with regard to:

[X] the following objects:

    - any claims of the suspect against Merrill Lynch Pierce Fenner & Smith Incorporated (New York, USA);

regarding the suspect:

| | |
|---|---|
| name | : Idlewild Consultants B.V. |
| address | : Burgemeester de Monchyplein 299 |
| residence | : 2585 DL The Hague, the Netherlands |

Orders to:

[X]    leave the seized objects with the judgment debtor.

Date:    23 November 2007
The Public Prosecutor,

Mrs H. Vriezen-Buist

Bureau Ontnemingswetgeving Openbaar Ministerie
Postbus 335
1000 AH Amsterdam
Ten deze handelend namens het Functioneel Parket

parketnummer: 15/996510-07

> **Bevel tot inbeslagneming**
> **(art 94a Sv)**

De officier van justitie van het Bureau Ontnemingswetgeving Openbaar Ministerie, ten deze handelend namens het Functioneel Parket, wenst, met toepassing van de artikelen 94a e.v. van het Wetboek van Strafvordering, beslag te doen leggen als bedoeld in artikel 94a van het Wetboek van Strafvordering, tot bewaring van het recht tot verhaal, welk beslag wordt gelegd op grond van de afgegeven machtiging strafrechtelijk financieel onderzoek;

Dit conservatoir beslag dient gelegd te worden tot bewaring van het recht van verhaal voor:

> [X]   een naar aanleiding van dat misdrijf door de rechter op te leggen verplichting tot betaling van een geldbedrag aan de staat ter ontneming van het door de verdachte wederrechtelijk verkregen voordeel (voordeelsbeslag);

Het beslag dient tot verhaal van € 3.763.399,–
Dit bedrag is gelijk aan het bedrag waarop het wederrechtelijk verkregen voordeel thans wordt geschat;

Het beslag wordt gelegd onder:

> [X] een derde;

op:

[X]  de volgende voorwerpen:

> -   Op de eventuele vorderingen van verdachte op de Merrill Lynch Pierce Fenner & Smith Incorporated (New York, USA);

ten laste van de verdachte:

> naam          : Idlewild Consultants B.V.
> adres         : Burgemeester de Monchyplein 299
> woonplaats    : 2585 DL 's-Gravenhage

Geeft opdracht de inbeslaggenomen voorwerpen:

[X]   te laten bij de beslagene.

De Officier van Justitie
dd. 23 november 2007,

mr. H. Vriezen-Buist

**FUNCTIONEEL PARKET TE**
Special Public Prosecutor's Office in Amsterdam
The Netherlands
In this case acting for the Prosecution Service Criminal Assets Deprivation Bureau. (B.O.O.M.)

**Demand for a criminal financial investigation
(Section 126n, par. 3, Code of Criminal Procedure).**

Public Prosecutor's Office no.: 15/996538-06

The Public Prosecutor of the Prosecution Service Criminal Assets Deprivation Bureau, in this case acting on behalf of the Special Public Prosecutor's Office, charged with the investigation of the criminal offences mentioned below;

Considering the official report of **14 September 2007**, number **41562 (SFO/AH-001)** drawn up by: **FIOD-ECD in Eindhoven, office Roosendaal.**

Considering that with regard to the suspect

| | |
|---|---|
| Name | **Vijsma** |
| First name | **Nico** |
| Born | **26 March 1937 in the Hague** |
| Address | **Burg de Monchyplein 299** |
| Residence | **The Hague (NL)** |

it is suspected that he committed the following criminal offences as referred to in
1.
Section 326 of the Penal Code;
2.
Section 420 of the Penal Code
3.
Section 140 of the Penal Code

Considering that concerning one or more of these crimes a fine of the fifth category can be imposed and that concerning these crimes it is possible that considerable profits valuable in money may have been obtained;

Considering the fact that as a result it may be considered to be necessary to start a criminal financial investigation to determine the size of the profit obtained by the suspect and its confiscation pursuant to Section 36 of the Code of Criminal Procedure;

Considering that these crimes have not come up for trial yet;

In view of Section 36e of the Penal Code and of Section 126 of the Code of Criminal Procedure;

Demands that the examining magistrate gives authorisation to start a criminal financial investigation in accordance with the last mentioned section.

Amsterdam, 28 September 2007

The Public Prosecutor
............C.J. Zweers................

22 nov 07 20:41    CJ Zweers                    0228 543971              P.15

AUTHORISATION FOR A CRIMINAL FINANCIAL INVESTIGATION

Public Prosecutor's Office no.    : 15/996538-06
Name                              : Vijsma
First name                        : N

ico
Born                              : 26 March 1937

The aforesaid examining magistrate,
[x] authorises on the aforesaid grounds to start a criminal financial investigation as mentioned before.
[ ] decline the demand


                                  Haarlem,
                                  The examining magistrate
                                  1-10-2007

AUTHORISATION FOR A CRIMINAL FINANCIAL INVESTIGATION

Public Prosecutor's Office no.    : 15/996510-07
Name                              : Idlewild Consultants B.V.

The aforesaid examining magistrate,
[x] authorises on the aforesaid grounds to start a criminal financial investigation as mentioned before.
[ ] decline the demand


                    Haarlem, 1-11-2007
                    The examining magistrate

AUTHORISATION FOR A CRIMINAL FINANCIAL INVESTIGATION


Public Prosecutor's Office no.    : 15/996511-07
Name                              : Idlewild Beheer B.V.

The aforesaid examining magistrate,
[x] authorises on the aforesaid grounds to start a criminal financial investigation as mentioned before.
[ ] decline the demand


                        Haarlem, 1-11-2007
                        The examining magistrate

FPL3

Functioneel Parket voor deze optredend B.O.O.M.

parketnr 15/996538-06

**Vordering strafrechtelijk financieel onderzoek**
**(art. 126, lid 3, Sv.)**

De officier van justitie **van het Bureau Ontnemingswetgeving Openbaar Ministerie ten deze handelende namens het Functioneel Parket**, belast met de opsporing van de hieronder te noemen strafbare feiten;

gezien het hierbij gevoegde proces-verbaal d.d. **14 september 2007** met nummer 41562 (SFO/AH-001) opgemaakt door: **FIOD-ECD te Eindhoven, kantoor Roosendaal**

Overwegende, dat ten aanzien van de verdachte

| | |
|---|---|
| naam | **Vijsma** |
| voornamen | **Nico** |
| geboren op | **26 maart 1937 te 's-Gravenhage** |
| adres | **Burg de Monchyplein 299** |
| woonplaats | **'s-Gravenhage** |

het vermoeden bestaat dat deze zich heeft schuldig gemaakt aan de hierna te noemen strafbare feiten:
1.
326 Sr,
2.
420 bis Sr,
3.
140 Sr

Overwegende dat voor een of meer van deze misdrijven een geldboete van de vijfde categorie kan worden opgelegd en er ten aanzien van deze misdrijf misdrijven aannemelijk is dat daardoor op geld waardeerbaar voordeel van enig belang kan zijn verkregen;

Overwegende dat derhalve het instellen van een strafrechtelijk financieel onderzoek, ter bepaling van de omvang van het door de verdachte wederrechtelijk verkregen voordeel en de ontneming daarvan op grond van artikel 36e van het Wetboek van Strafrecht, noodzakelijk moet worden geacht;

Overwegende dat terzake van deze misdrijven de behandeling ter terechtzitting nog geen aanvang heeft genomen;

Gezien artikel 36e van het Wetboek van Strafrecht en 126 van het Wetboek van Strafvordering;

Vordert dat de Rechter-Commissaris machtiging verleent tot het instellen van een strafrechtelijk financieel onderzoek als bedoeld in het laatst genoemde artikel.

Amsterdam, 28 september 2007

De officier van justitie

C. J. Zweers

MACHTIGING STRAFRECHTELIJK FINANCIEEL ONDERZOEK

Parketnummer          : **15/996538-06**
Naam                  : **Vijsma**
Voornamen             : **26 maart 1937**


De Rechter-Commissaris voornoemd,
[X] verleent hierbij op de gronden als opgemeld, de machtiging tot het
    instellen van het strafrechtelijk financieel onderzoek als hiervoor
    bedoeld.
[ ] wijst de vordering af.

                                  **Haarlem**
                                  de Rechter-Commissaris

                                  1-10-2007.

BM04

Bureau Ontnemingswetgeving OM (BOOM)

parketnr 15/996510-07

**Vordering strafrechtelijk financieel onderzoek**
**(art. 126, lid 3, Sv.)**

De officier van justitie **van het Bureau Ontnemingswetgeving Openbaar Ministerie, ten deze handelende voor het Functioneel Parket,** belast met de opsporing van hieronder te noemen strafbare feiten;

gezien het hierbij gevoegde proces-verbaal gedateerd **29 oktober 2007 en opgemaakt door FIOD Eindhoven, kantoor Eindhoven** onder dossiernummer **41841 (codenummer SFO-V6-AH-001);**

Overwegende, dat ten aanzienn van de verdachte
|  |  |
|---|---|
| naam | **Idlewild Consultants B.V.** |
| adres | **Burg de Monchyplein 299** |
| woonplaats | **'s-Gravenhage** |

het vermoeden bestaat dat deze zich heeft schuldig gemaakt aan hierna te noemen strafbare feiten:
**art. 140 en art. 420bis Wetboek van Strafrecht;**

Overwegende dat voor een of meer van deze misdrijven een geldboete van de vijfde categorie kan worden opgelegd en er ten aanzien van deze misdrijven aannemelijk is dat daardoor op geld waardeerbaar voordeel van enig belang kan zijn verkregen;

Overwegende dat derhalve het instellen van een strafrechtelijk financieel onderzoek, ter bepaling van de omvang van het door de verdachte wederrechtelijk verkregen voordeel en de ontneming daarvan op grond van artikel 36e van het Wetboek van Strafrecht, noodzakelijk moet worden geacht;

Overwegende dat terzake van deze misdrijven de behandeling ter terechtzitting nog geen aanvang heeft genomen;

Gezien artikel 36e van het Wetboek van Strafrecht en 126 van het Wetboek van Strafvordering;

Vordert dat de Rechter-Commissaris machtiging verleent tot het instellen van een strafrechtelijk financieel onderzoek als bedoeld in het laatst genoemde artikel.

Amsterdam, 30. oktober 2007

De officier van justitie

C. J. Zweers

MACHTIGING STRAFRECHTELIJK FINANCIEEL ONDERZOEK

Parketnummer          : 15/996510-07
Naam                  : Idlewild Consultants B.V.


De Rechter-Commissaris voornoemd,
[X] verleent hierbij op de gronden als opgemeld, de machtiging tot het
    instellen van het strafrechtelijk financieel onderzoek als hiervoor
    bedoeld.
[ ] wijst de vordering af.

                              **Haarlem,** . 1 - 11 - 200 7

                              de Rechter-Commissaris

BM04

Bureau Ontnemingswetgeving OM (BOOM)

parketnr 15/996511-07

                    Vordering strafrechtelijk financieel onderzoek
                                    (art. 126, lid 3, Sv.)


De officier van justitie **van het Bureau Ontnemingswetgeving Openbaar
Ministerie, ten deze handelende voor het Functioneel Parket,** belast met de
opsporing van hieronder te noemen strafbare feiten;

gezien het hierbij gevoegde proces-verbaal gedateerd **29 oktober 2007,
opgemaakt door FIOD Eindhoven, kantoor Eindhoven** onder dossiernummer **41922
(codenummer SFO-V7-AH-001);**

Overwegende, dat ten aanzien van de verdachte
          naam            **Idlewild Beheer B.V.**
          adres           **Burg de Monchyplein 299**
          woonplaats      **'s-Gravenhage**

het vermoeden bestaat dat deze zich heeft schuldig gemaakt aan hierna
te noemen strafbare feiten:
**art. 140 en art. 420bis Wetboek van Strafrecht;**

Overwegende dat voor een of meer van deze misdrijven een geldboete van de
vijfde categorie kan worden opgelegd en er ten aanzien van deze
misdrijven aannemelijk is dat daardoor op geld waardeerbaar voordeel van
enig belang kan zijn verkregen;

Overwegende dat derhalve het instellen van een strafrechtelijk financieel
onderzoek, ter bepaling van de omvang van het door de verdachte
wederrechtelijk verkregen voordeel en de ontneming daarvan op grond van
artikel 36e van het Wetboek van Strafrecht, noodzakelijk moet worden geacht;

Overwegende dat terzake van deze misdrijven de behandeling ter terechtzitting
nog geen aanvang heeft genomen;

Gezien artikel 36e van het Wetboek van Strafrecht en 126 van het Wetboek van
Strafvordering;

Vordert dat de Rechter-Commissaris machtiging verleent tot het instellen
van een strafrechtelijk financieel onderzoek als bedoeld in het laatst
genoemde artikel.

                    Amsterdam, .30. Oktober 2007

                    De Officier van Justitie

                              C. J. Zweers

MACHTIGING STRAFRECHTELIJK FINANCIEEL ONDERZOEK

Parketnummer          : 15/996511-07
Naam                  : **Idlewild Beheer B.V.**


De Rechter-Commissaris voornoemd,
[X] verleent hierbij op de gronden als opgemeld, de machtiging tot het
    instellen van het strafrechtelijk financieel onderzoek als hiervoor
    bedoeld.
[ ] wijst de vordering af.



Haarlem, 1 - 11 - 2007.

de Rechter-Commissaris,



U.S. Department of Justice

Criminal Division

---

*Assistant Attorney General*                    *Washington, D.C.  20530*

## ASSISTANT ATTORNEY GENERAL DECISION

Re:    Certification of a Foreign Restraining Order from the Netherlands Pursuant to
       28 U.S.C. § 2467(b)(2) in the Matter of Nico VIJSMA et al.

**DECISION:**

In accordance with 28 U.S.C. § 2467(b)(2) and the Attorney General's delegation of
authority to the Assistant Attorney General for the Criminal Division, I hereby CERTIFY
the request of the Government of the Netherlands for enforcement of the November 23,
2007, orders issued by the District Court of Haarlem against the assets of NICO VIJSMA,
IDLEWILD BEHEER B.V., and IDLEWILD CONSULTANTS B.V.  A copy of the
Dutch court order and an English translation are attached.


_____        12/21/07
        **Alice S. Fisher**                    **Date**
   **Assistant Attorney General**
        **Criminal Division**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: RESTRAINT OF ALL ASSETS | ) | |
| HELD IN ACCOUNT NO. 123-07C98 AT | ) | Misc. No.: |
| MERRILL LYNCH, PIERCE, FENNER & | ) | |
| SMITH, NEW YORK, IN THE NAME OF | ) | |
| IDLEWILD BEHEER B.V.; AND, | ) | |
|  | ) | |
| ALL ACCOUNTS HELD IN THE NAME | ) | |
| OF NICO VIJSMA AT MERRILL LYNCH, | ) | |
| PIERCE, FENNER & SMITH, NEW YORK; | ) | |
| AND, | ) | |
|  | ) | |
| ALL ACCOUNTS HELD IN THE NAME | ) | |
| OF IDLEWILD CONSULTANTS B.V. AT | ) | |
| MERRILL LYNCH, PIERCE, FENNER & | ) | |
| SMITH, NEW YORK | ) | |

## RESTRAINING ORDER

WHEREAS, this matter having come before this Court on the *ex parte* application of the United States of America for a restraining order pursuant to 28 U.S.C. § 2467(d)(3)(A), (d)(3)(B)(ii) and 18 U.S.C. § 983(j), which provides this Court with jurisdiction to enter restraining orders and take such other action as may be necessary to preserve any property subject to forfeiture in a foreign proceeding to ensure its availability for forfeiture;

WHEREAS, pursuant to 28 U.S.C. § 2467(c)(2)(B), venue is proper in this Court for the registration and enforcement of foreign restraining orders affecting property that is the subject of foreign forfeiture proceedings;

WHEREAS, on November 23, 2007, the Prosecution Service Criminal Assets Deprivation Bureau, acting by authority of the examining magistrate judge of the District Court of Haarlem, issued restraining orders against accounts held by Nico Vijsma, Idlewild

Consultants B.V. and Idlewild Beheer B.V. at Merrill Lynch, New York (the "Dutch Restraint Orders");

WHEREAS, the violation of foreign law giving rise to forfeiture in the Netherlands would constitute a violation or offense that would give rise to forfeiture under United States law if committed in the United States;

WHEREAS, the Assistant Attorney General of the Criminal Division of the United States Department of Justice, being duly authorized, has certified that it is in the interest of justice to enforce the Dutch Restraint Orders;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 28 U.S.C. § 2467(d)(3)(A) and (d)(3)(B)(ii) THAT:

1.    The restraining orders issued by the Netherlands Public Prosecutor of the Prosecution Service Criminal Assets Bureau, acting with authorization of the examining magistrate judge of the District Court of Haarlem, dated November 23, 2007, and attached hereto with an English translation, shall hereby be given effect.

2.    Effective immediately, all monies, assets, and other things of value held in Account No. 123-07C98 at Merrill Lynch, New York, in the name of Idlewild Beheer B.V., as well as all accounts at Merrill Lynch, New York, in the names of Nico Vijsma and Idlewild Consultants B.V. (hereinafter the "Property") are hereby RESTRAINED.

3.    All persons, including Nico Vijsma, his agents, servants, employees, attorneys, family members, and those persons in active concert or participation with him, Idlewild Beheer B.V. and its agents, servants, employees, attorneys, and those persons in active concert or participation with it, Idlewild Consultants B.V. and its agents, servants, employees, attorneys,

and those persons in active concert or participation with it, and anyone in possession of or holding any interest in the Property, be and are hereby ENJOINED AND RESTRAINED from withdrawing, transferring, selling, assigning, pledging, distributing, giving away, encumbering, wasting, secreting or otherwise participating in the disposal, removal or alienation by any means of any interest, direct or indirect, in the Property, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order and provided that, in accordance with 28 U.S.C. § 2467(d)(3)(C), no person may object to this Order on the grounds that it is the subject of parallel litigation involving the same Property pending in a foreign court.

4.    The financial institution holding the Property shall continue to receive and credit monies, deposits, interest, dividends, or other things of value to the account identified above, which additional assets shall be subject to this Order and restrained pursuant to its terms.  Upon receiving notice of this Order, the affected financial institution shall disclose to the United States the exact amount on deposit and the approximate market value of any assets not held in currency at the time the assets are frozen pursuant to this Order, shall hereafter provide to the United States a monthly statement of the accounts, and shall promptly respond to requests by the United States for information concerning the accounts at any time thereafter for as long as this Order remains in place.

5.    The United States, may serve a copy of the this Order on the affected financial institution by facsimile, and, pursuant to Rule 4(f) of the Federal Rules of Civil Procedure or other applicable law, shall seek to provide a copy of the Court's Order to identifiable persons

holding a legal interest in the Property, including: Nico Vijsma, Idlewild Beheer B.V., and

Idlewild Consultants B.V.

      6.      The terms of this Restraining Order shall remain in full force and effect until

further order of this Court.


Dated this _____ day of January, 2008.


                                                _____

                                                UNITED STATES DISTRICT JUDGE
                                                United States District Court for the
                                                District of Columbia