IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: RESTRAINT OF ALL ASSETS           )
HELD IN ACCOUNT NO. 123-07C98 AT         )
MERRILL LYNCH, PIERCE, FENNER &          )   Misc. No.:
SMITH, NEW YORK, IN THE NAME OF          )
IDLEWILD BEHEER B.V.; AND,               )
                                         )
ALL ACCOUNTS HELD IN THE NAME            )
OF NICO VIJSMA AT MERRILL LYNCH,         )
PIERCE, FENNER & SMITH, NEW YORK;        )
AND,                                     )
                                         )
ALL ACCOUNTS HELD IN THE NAME            )
OF IDLEWILD CONSULTANTS B.V. AT          )
MERRILL LYNCH, PIERCE, FENNER &          )
SMITH, NEW YORK                          )

## RESTRAINING ORDER

WHEREAS, this matter having come before this Court on the *ex parte* application of the United States of America for a restraining order pursuant to 28 U.S.C. § 2467(d)(3)(A), (d)(3)(B)(ii) and 18 U.S.C. § 983(j), which provides this Court with jurisdiction to enter restraining orders and take such other action as may be necessary to preserve any property subject to forfeiture in a foreign proceeding to ensure its availability for forfeiture;

WHEREAS, pursuant to 28 U.S.C. § 2467(c)(2)(B), venue is proper in this Court for the registration and enforcement of foreign restraining orders affecting property that is the subject of foreign forfeiture proceedings;

WHEREAS, on November 23, 2007, the Prosecution Service Criminal Assets Deprivation Bureau, acting by authority of the examining magistrate judge of the District Court of Haarlem, issued restraining orders against accounts held by Nico Vijsma, Idlewild

1

Consultants B.V. and Idlewild Beheer B.V. at Merrill Lynch, New York (the "Dutch Restraint Orders");

WHEREAS, the violation of foreign law giving rise to forfeiture in the Netherlands would constitute a violation or offense that would give rise to forfeiture under United States law if committed in the United States;

WHEREAS, the Assistant Attorney General of the Criminal Division of the United States Department of Justice, being duly authorized, has certified that it is in the interest of justice to enforce the Dutch Restraint Orders;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 28 U.S.C. § 2467(d)(3)(A) and (d)(3)(B)(ii) THAT:

1. The restraining orders issued by the Netherlands Public Prosecutor of the Prosecution Service Criminal Assets Bureau, acting with authorization of the examining magistrate judge of the District Court of Haarlem, dated November 23, 2007, and attached hereto with an English translation, shall hereby be given effect.

2. Effective immediately, all monies, assets, and other things of value held in Account No. 123-07C98 at Merrill Lynch, New York, in the name of Idlewild Beheer B.V., as well as all accounts at Merrill Lynch, New York, in the names of Nico Vijsma and Idlewild Consultants B.V. (hereinafter the "Property") are hereby RESTRAINED.

3. All persons, including Nico Vijsma, his agents, servants, employees, attorneys, family members, and those persons in active concert or participation with him, Idlewild Beheer B.V. and its agents, servants, employees, attorneys, and those persons in active concert or participation with it, Idlewild Consultants B.V. and its agents, servants, employees, attorneys,

and those persons in active concert or participation with it, and anyone in possession of or holding any interest in the Property, be and are hereby ENJOINED AND RESTRAINED from withdrawing, transferring, selling, assigning, pledging, distributing, giving away, encumbering, wasting, secreting or otherwise participating in the disposal, removal or alienation by any means of any interest, direct or indirect, in the Property, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order and provided that, in accordance with 28 U.S.C. § 2467(d)(3)(C), no person may object to this Order on the grounds that it is the subject of parallel litigation involving the same Property pending in a foreign court.

4.  The financial institution holding the Property shall continue to receive and credit monies, deposits, interest, dividends, or other things of value to the account identified above, which additional assets shall be subject to this Order and restrained pursuant to its terms. Upon receiving notice of this Order, the affected financial institution shall disclose to the United States the exact amount on deposit and the approximate market value of any assets not held in currency at the time the assets are frozen pursuant to this Order, shall hereafter provide to the United States a monthly statement of the accounts, and shall promptly respond to requests by the United States for information concerning the accounts at any time thereafter for as long as this Order remains in place.

5.  The United States, may serve a copy of the this Order on the affected financial institution by facsimile, and, pursuant to Rule 4(f) of the Federal Rules of Civil Procedure or other applicable law, shall seek to provide a copy of the Court's Order to identifiable persons

holding a legal interest in the Property, including: Nico Vijsma, Idlewild Beheer B.V., and Idlewild Consultants B.V.

6. The terms of this Restraining Order shall remain in full force and effect until further order of this Court.

Dated this 4th day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE
United States District Court for the
District of Columbia